IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JANET HOWELL, | ) Civil No. 19-00347 HG-KJM |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION TO |
| vs. | ) DISMISS CASE FOR FAILURE TO |
| | ) PROSECUTE |
| BMW GERMANY, et. al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO
DISMISS CASE FOR FAILURE TO PROSECUTE

On July 3, 2019, Pro Se Plaintiff Janet Howell ("Plaintiff") filed her Complaint against Defendant BMW Germany ("Defendant") and a Motion for Appointment of Pro Bono Counsel. ECF No. 1, 3. This Court denied the Motion for Pro Bono Counsel on July 11, 2019. ECF No. 6.

The Court originally scheduled a Rule 16 Scheduling Conference for September 9, 2019. ECF No. 4. Plaintiff filed a motion seeking to continue the Rule 16 Scheduling Conference and requesting appointment of counsel.[1] ECF No. 7. In lieu of the September 9, 2019 scheduled Rule 16 Scheduling Conference, the Court held a status conference. ECF No. 9. At the September 9, 2019 status

---

[1] Plaintiff's request for appointment of counsel was denied on September 11, 2019. ECF No. 10.

conference, the Court held a discussion with Plaintiff about perfecting service and granted Plaintiff's request for a continuance of the Rule 16 Scheduling Conference. ECF No. 9, 10. The Court set October 24, 2019 as the new date for the Rule 16 Scheduling Conference. *Id.* On September 30, 2019, Plaintiff filed an Amended Complaint adding several new defendants.[2] ECF No. 12.

As of the October 24, 2019 Rule 16 Scheduling Conference, Plaintiff had not served any Defendants. Because of the lack of service, the Court held a status conference instead of the Rule 16 Scheduling Conference.[3] ECF No. 15. The Court again had a discussion with Plaintiff regarding her failure to serve the Defendants. *Id.* In addition, the Court extended the deadline for Plaintiff to serve Defendants until November 30, 2019 and continued the Rule 16 Scheduling Conference to January 9, 2020. *Id.*

On January 7, 2020, Plaintiff filed a document entitled "Motion/Action: Cancell (sic) The Rule 16 Jan. 9, 2019 (sic), Due to the Plaintiff Don't Have Any Means of Transportation, the Drivers Licences (sic) and ID's of the Plaintiff Were

---

[2] Plaintiff added the following Defendants in her Amended Complaint: BMW NHTSA WI, Pentagon Car Sales, BMW HI, Natex for Amsto, TK Holdings, Inc., Eliza Amoguis, Legal Shield, Ben Martin, Benson Law Firm, Att Sloan and Sneider Corporation (collectively, "Defendants"). ECF No. 12.

[3] Attorney Michael Lorusso made a limited special appearance on behalf of Defendant BMW HI at the October 24, 2019 status conference. ECF No. 15.

Stolen. Cancel the Rule 16 for Jan. 9, Rule 16". ("January 7th Motion"). ECF No. 16. The January 7th Motion asked the Court to continue the Rule 16 Scheduling Conference set for January 9, 2020 because Plaintiff lost her identification. *Id.* at 1. On January 8, 2020, the Court granted the January 7th Motion, ordered scheduling conference statements to be filed by February 18, 2020 and continued the Rule 16 Scheduling Conference to February 25, 2020. ECF No. 18.

The Court held a further status conference regarding service on February 25, 2020, again in lieu of the Rule 16 Scheduling Conference because Plaintiff still had not effected service on any of the Defendants.[4] ECF No. 22. At the status conference, the Court again discussed with Plaintiff the need for proper service and further advised Plaintiff that it would be issuing an Order to Show Cause for failure to serve the Complaint. *Id.*

On February 27, 2020, the Court issued an Order to Show Cause which ordered Plaintiff by April 30, 2020 to either serve Defendants or show cause in writing why the case should not be dismissed without prejudice. ECF No. 23. On March 25, 2020, Plaintiff filed a Motion entitled, "Motion/Action: To Cancell (sic) the Rule 16 of All My Cases Due to the Quarintine (sic) Order by the Office of the Mayor City and County of Honolulu Emergency Order No. 2020-20

---

[4] Attorney Michael Lorusso again made a limited special appearance on behalf of Defendant BMW HI at the February 25, 2020 status conference. ECF No. 22.

3

(COVID-19 (Novel Corona Virus" ("March 25th Motion"). ECF No. 24. The Court, construing the March 25th Motion as one to continue the Rule 16 Scheduling Conference, denied it as moot because no Rule 16 Scheduling Conference was set in the instant case. ECF No. 25. The Court also reiterated the April 30, 2020 deadline for Plaintiff's response to the Order to Show Cause.[5] *Id.*

On April 29, 2020 Plaintiff filed a document entitled, "Partial Attachments of Evidence Due to Multiple Culprits," which was largely incomprehensible and, moreover, failed to discuss her failure to serve the Complaint.[6] ECF No. 28. Thus, the Court does not construe Plaintiff's April 29, 2020 filing as a response to the Order to Show Cause.

## DISCUSSION

A Plaintiff must serve a proper summons and complaint on Defendants for the Court to have jurisdiction over the Defendants. Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant

---

[5] The Court also denied a subsequent motion filed by the Plaintiff on April 23, 2020 to the extent that it sought an extension of the deadline to respond to the Order to Show Cause. ECF No. 27.

[6] To the extent that Plaintiff's April 29, 2020 filing requests that pro bono counsel be appointed, the Court denies any such request for the same reasons stated in its July 11, 2019 Order Denying Plaintiff's Motion for Appointment of Pro Bono Counsel. *See* ECF No. 6.

has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)). Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve a defendant within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. *Id*. Notwithstanding multiple status conferences to discuss service, extensions of time to serve and an Order to Show Cause why this action should not be dismissed for lack of service, Plaintiff has not established that she has properly served any of the Defendants. Nor has Plaintiff provided the Court any reason for her failure to do so.

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WB 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending case and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).  For the reasons set forth below, the Court finds that dismissal of the claims against Defendants is appropriate given Plaintiff's failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since July 2019 and Plaintiff has failed to perfect service on Defendants.  Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiff's failure to prosecute this action has interfered with the Court's ability to manage its docket.  To date, Plaintiff fails to provide sufficient reasoning as to why she has been unable to properly serve Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal.  Defendants will suffer prejudice if this case continues without Plaintiff effecting service.  Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case.  *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has discussed with Plaintiff the importance of effecting service pursuant to Federal Rule Civil Procedure 4 at several status conferences, has granted extensions of time to effect service, and has issued an Order to Show Cause warning Plaintiff that her failure to respond would result in a recommendation that this action be dismissed without prejudice. ECF No. 23 at 3. Nonetheless, the record reflects that Plaintiff has neither served Defendants nor responded to this Court's Order to Show Cause. Thus, the Court finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that such action would not compel her to take the necessary steps to prosecute this action.

Finally, the Court recognizes that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. However, this Court finds that because four of the factors weigh in favor of dismissal, this final factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case and has failed to respond to this Court's Order to Show Cause, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166

7

DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, the Court finds that dismissal is appropriate and recommends that the district court dismiss Plaintiff's claims against all Defendants without prejudice.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court dismiss this case without prejudice for Plaintiff's failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 7, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*Howell v. BMW Germany, et. al.*, CV 19-00347 HG-KJM; Findings and Recommendation to Dismiss Case for Failure to Prosecute